UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KERIEKAN PALMER,**

      **Plaintiff,**

v.                                                                  Case No: 6:24-cv-989-PGB-NWH

**CITY OF DAYTONA BEACH,
TRAVIS BARRETT, COLLIN
HOWELL, CALVIN YANG and
CARNEISHA MOORE,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court *sua sponte* upon review of the Plaintiff's Motion *in Limine*. (Doc. 71 (the "**Motion**")). The Plaintiff's Motion suffers from several deficiencies, discussed below, and is stricken with leave to refile a corrected motion.

### I.    LEGAL STANDARDS

"A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Beasley v. Wells Fargo Bank, NA*, 570 F. Supp. 3d 1131, 1133 (M.D. Fla. 2021); *see also Tucker v. Evenflo Co., Inc.*, No. 6:20-CV-2-PGB-GJK, 2021 WL 8946699, at *1 (M.D. Fla. Nov. 8, 2021) (quoting *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Tucker*, 2021 WL 8946699, at *1 (internal quotations

omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Therefore, and consistent with Local Rule 3.01(a), the movant is required to identify the issue of fact or law that the movant desires to resolve with a pre-trial or *in limine* motion, accompanied by a citation of legal authority.

## II. DISCUSSION

The Plaintiff's Motion consists of nineteen numbered paragraphs. (Doc. 71). The first fifteen paragraphs summarize the facts of the case (*Id*. ¶¶ 1–15) and are not requests for ruling *in limine*. Paragraphs sixteen through eighteen seek the exclusion of evidence and testimony concerning a restraining order that resulted from an alleged altercation on October 6, 2019. (*Id*. ¶¶ 16–18). In paragraph nineteen, the Plaintiff seeks a ruling on the admissibility of evidence pertaining to the divorce proceedings involving the Plaintiff and Defendant Carneisha Moore. (*Id*. ¶ 19).

While it is proper to separate each motion *in limine* into numbered paragraphs, it is not necessary for the movant to list each supporting factual statement in numbered paragraphs. Additionally, the Plaintiff must provide legal support for the requested relief. *See* Local Rule 3.01(a). If the Plaintiff seeks to exclude a prior restraining order as unduly prejudicial, citing a case with this holding is ideal. If no case is on point, the Plaintiff should cite Federal Rules of Evidence 401 and 403, along with a brief analysis of their application to the facts.

Finally, when a supporting document is filed with the motion, it should be docketed separately. For example, the Motion *in Limine* is Docket Number 71, and the charging affidavit should be docketed as Docket Number 71-1.

The Court further notes that regarding paragraph nineteen, the Plaintiff fails to attach the record purportedly containing a judgment entered in the dissolution proceedings. The Court cannot assess whether the "finding" by the judge in the dissolution process is relevant without a copy of the record. Additionally, unless the Plaintiff discloses a records custodian to authenticate the judgment or order referenced in paragraph nineteen, the Plaintiff will need to separately request the Court to take judicial notice of the judgment or order.

### III. CONCLUSION

For these reasons, the Plaintiff's Motion *in Limine* (Doc. 71) is **STRICKEN** with leave to refile a corrected version no later than **Monday, November 10, 2025**.

**DONE AND ORDERED** in Orlando, Florida on November 4, 2025.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties